THOMAS J. JOHNSON, plaintiff in error, *vs.* JAMES S. SIMS, defendant in error.

1. On the trial of an action brought upon a promissory note, the Court charged the jury that the note, upon its face, was a promise unconditional to pay the principal and interest appearing to be due thereon, and that parol evidence to show that the interest was not to be paid at

all events, but was to depend on the profits of an uncertain partner-ship speculation, should be of a satisfactory character, or strong enough to overturn, in the minds of the jury, the *prima facie* evidence of the original contract as furnished by the writing:

*Held*, That this was not an expression of opinion by the Court as to facts which had been proven, so as to be error, under section 3183 of Irwin's Revised Code.

2. There was direct evidence as to the specific amount found by the verdict, and the testimony furnishes data from which a fair and reasonable calculation can be made to sustain it.

New trial. Charge of Court. Before Judge HARVEY. Floyd Superior Court. July Adjourned Term, 1872.

Sims brought complaint against Johnson on a due bill, dated October 11th, 1865, signed by L. B. Reed and defendant, payable to James S. Sims, or bearer, for $390 23 in gold. The declaration stated that Reed was a non-resident of the State. No process was prayed as against him. The defendant pleaded the general issue and payment.

The defense sought to be established by the evidence was that Sims, Reed and Johnson formed a copartnership for the purchase and sale of cotton. Sims was to advance all the money, to have one-half the profits, or to bear one-half the losses. Reed and Johnson were to give their notes for one-half the amount advanced. The due bill sued on was given in this way. That losses accrued on the transactions had; that a final settlement had been made between the parties on February 26th, 1868, in which the balance due Sims had been paid him.

The evidence was very conflicting. Sims contended that a partnership was not intended, though, by operation of law, one may have been actually formed. He simply made an advance of money in gold, as a loan, to Reed and Johnson, they agreeing to allow him one-half the profits of their operations in the purchase and sale of cotton, and he agreeing to share one-half the losses. No final settlement was ever made, but upon such settlement there would be found to be due the amount of the aforesaid due bill.

Reed testified that Sims was to furnish all the money free of interest.

The voluminous testimony is omitted, as it embraces nothing that will tend to illustrate any principle of law enunciated in the decision.

The Court charged the jury as follows: "The note sued upon, on its face, is a promise unconditional to pay the principal and legal interest appearing to be due thereon, and if parol or verbal testimony is relied on to overturn the *prima facie* evidence of the original contract furnished by the writing, to show, for instance, that the interest was not intended to be paid at all events, but was to depend on the profits of an uncertain partnership speculation: I say, for us to substitute parol evidence for the writing in such a case, the parol evidence should be of a satisfactory character, or strong enough to overturn, in the minds of the jury, the *prima facie* evidence of the original contract as furnished by the writing. But if the admissions or acts of both parties, or other evidence to your minds sufficient, satisfy you that such was the real contract, intention and understanding of the parties, you may so find."

The jury found a verdict for the plaintiff for $297 00, with interest from February 26th, 1868, the date of the last settlement set up in the plea. The defendant moved for a new trial, because of error in the charge aforesaid, and because the verdict was contrary to the law and the evidence. The motion was overruled, and the defendant excepted.

C. ROWELL, for plaintiff in error.

DUNLAP SCOTT; W. G. JOHNSON, for defendant.

TRIPPE, Judge.

1. The charge of the Court to the jury, as given in the fifth ground of the motion for a new trial, does not violate the rule prescribed in section 3183 of Irwin's Revised Code. It only recites a clear legal principle. The note sued on was

an unconditional promise to pay the principal and interest mentioned; and this could not be, and was not denied, either as a fact, or a correct statement of a legal truth. The Court did not assume before the jury what was or was not proven. The charge only gives what, in law, the note was, that is, construed a written instrument, which was in evidence, and which it was the duty of the Court to do, if, indeed, there was any necessity for a construction of this one. The charge, so far as it pertains to what parol evidence should be, to show that the interest was only to be contingently paid, when all is taken together, could have done no damage to the defendant; nor did it do violence to any legal rule. It was, in substance, that it shôuld be of a satisfactory character, or strong enough to overcome the *prima facie* evidence furnished by the written contract. The defendant surely could not object to the note being styled *prima facie* evidence. It was, in truth, something more than that. The Court also immediately added: " But if the admissions or acts of both parties, or other evidence to your minds sufficient, satisfy you that such was the real contract, intention and understanding of the parties, you may so find." This was certainly giving sufficient latitude to the jury.

2. There is direct and positive evidence to the specific amount found by the verdict, and also sufficient data proven from which a calculation can be easily made to sustain it; and of all this the jury were to determine.

Judgment affirmed.