RAY v. TATUM.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1896.)

No. 418.

1. MORTGAGE FORECLOSURES—FEDERAL EQUITY JURISDICTION—DEED ABSOLUTE IN FORM—STATE STATUTES.

A deed absolute in form, given as security for a loan of money, and executed contemporaneously with the debtor's notes and with a bond to reconvey, given by the grantee, all in accordance with the provisions of the Georgia Code (sections 1969–1971), may be foreclosed as a mortgage, by a suit in equity in a federal court, notwithstanding that the above Code provisions give a special remedy at law; for the equity jurisdiction of the federal courts cannot be limited by state legislation.

2. SAME—PRESENTMENT OF NOTE FOR PAYMENT.

Failure to present a note for payment at a bank where it is made payable, but where the maker at the time has no funds, and in a state in which he does not reside, is no defense to a suit to foreclose a mortgage securing the debt, where the note contains an express stipulation that the maker and indorsers severally waive presentment for payment, etc. 69 Fed. 682, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

This was a bill by Eleanor Tatum against Lavender R. Ray to foreclose, as a mortgage, a deed absolute in form. In the circuit court there was a decree for complainant. 69 Fed. 682. Defendant appeals.

The material facts were as follows:

On March 1, 1893, the defendant executed to Charles A. Francisco his promissory note for $3,500, due five years after date, together with 10 coupon interest notes for $122.50 each, due semiannually, on the 1st days of March and September of each year. The principal and interest notes were each made payable to the order of Charles A. Francisco at the Second National Bank of Richmond, Ind. The principal note recited that "it is expressly agreed that if default be made in the payment of any one of the coupons hereto attached, representing the semiannual interest on this note or any part thereof, as they severally become due, then the whole principal sum represented by this note shall, at the option of the holder thereof, immediately become due, and, together with all arrearages of interest thereon, may be collected; time being of the essence of this contract." To secure the payment of said notes, the defendant, on March 1, 1893, executed and delivered to Charles A. Francisco a warranty deed to certain lands described therein. This deed recites that "this conveyance is made by said party of the first part to secure a loan of $3,500, made to him by the second party hereto, under the conditions of a certain bond for reconveyance executed by said second party, which said bond is made a part hereof, and the covenants of which said first party hereby undertakes to perform. This deed and said bond are executed to conform to sections 1969, 1970, and 1971 of the Code of Georgia." On the same day, Charles A. Francisco executed and delivered to appellant his bond for reconveyance, known in Georgia as a "bond for titles," which, among other things, recited that "the deed above referred to and this bond being executed in reference to each other, and to conform to sections 1969, 1970, and 1971 of the Code of Georgia, and are to be construed and enforced according to the provisions thereof." These notes were transferred by indorsement to Eleanor Tatum, the complainant; and on March 7, 1893, Charles A. Francisco conveyed by deed to her the fee-simple title to said property, subject to said bond for titles referred to. The second coupon interest note which fell due March 1, 1894, was not paid at maturity. It appeared that this note was not presented at the Second National Bank of Richmond, Ind., where it was made payable, but at the time it fell due was in the hands of the Merchants' Bank of Atlanta, Ga., for payment. On June 8, 1894, complainant filed her bill in the circuit court for the Northern district of Georgia, praying a foreclosure of the instrument as a mortgage. Defendant demurred to the bill, on the ground, among others, that there was a plain and adequate remedy at law, in the manner prescribed by the above provisions of the Georgia Code, in accordance with which the instruments were executed. The demurrer was overruled, the court holding that, notwithstanding the existence of these remedies, the complainant still had a right to foreclose the instrument in equity as a mortgage. Thereafter, upon final hearing, the court held that, as the maker of the notes lived in Atlanta, Ga., and had no funds in the Indiana bank, at the maturity of the interest note upon which default was made, the failure to present the note at that place was no defense to the foreclosure suit, and the foreclosure decree appealed from was accordingly entered.

The sections of the Code referred to in the instruments are as follows:

"Sec. 1969. Whenever any person in this state conveys any real property by deed to secure any debt to any person loaning or advancing said vender any money, or to secure any other debt and shall take a bond for titles back to said vender upon the payment of said debt or debts, or shall in like manner convey any personal property by bill of sale, and take an obligation binding

the person to whom said property was conveyed to reconvey said property upon the payment of said debt or debts, such conveyance of real or personal property shall pass the title of said property to the vendee, provided that the consent of the wife has been first obtained, till the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts of the state to be an absolute conveyance, with the right reserved by the vendee to have said property reconveyed to him upon the payment of the debt or debts intended to be secured, agreeable to the terms of the contract, and not a mortgage.

"Sec. 1970. When any judgment shall be rendered in any of the courts of this state upon any note or other evidence of debt, which such conveyance of realty was made or intended to secure, it shall and may be lawful for the vendee to make and file and have recorded in the clerk's office of the superior court of the county wherein the land lies, a good and sufficient deed of conveyance to the defendant for said land; and if said obligator be dead, then his executor or administrator may in like manner make and file such deed without obtaining an order of the court for that purpose, whereupon the same may be levied upon and sold under said judgment as in other cases; provided that the said judgment shall take lien upon the land prior to any other judgment or encumbrance against the defendant.

"Sec. 1971. The vender's right to a reconveyance of the property, upon his complying with the contract, shall not be affected by any liens, encumbrances or rights which would otherwise attach to the property by virtue of the title being in the vendee; but the right of the vender to a reconveyance shall be absolute and permanent upon his complying with his contract with the vendee according to the terms."

Lavender R. Ray, in pro. per.

Rosser & Carter, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

McCORMICK, Circuit Judge. The promissory note, the deed, and the bond to reconvey evidence one transaction, must be construed together, and expressly show that the conveyance of the land was to secure the payment of the debt evidenced by the note. It is too plain to admit of argument that the transaction was a borrowing of money, and giving a lien on land to secure the loan. This is a mortgage. The grantee in such a mortgage, having the right to resort to the national courts, can proceed in equity in those courts to foreclose the equity of redemption. The terms of the instruments or of the local statutes may give other remedies, which, if pursued, may exact strict compliance with expressed conditions; but the existence of these different remedies and the express reference to them do not take away or limit the equity jurisdiction of the circuit court over the parties or the subject-matter. Hughes v. Edwards, 9 Wheat. 489; Russell v. Southard, 12 How. 139; Shillaber v. Robinson, 97 U. S. 68. The note in question is in the usual form of commercial paper. A memorandum embodied in it expressly stipulates that the drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of this note, and that if default is made in the payment of any one of the attached coupons, representing semiannual interest, the whole principal shall, at the option of the holder, become due, declaring that time is of the essence of the contract.

We find no error in the decree of the circuit court, and it is affirmed.