## MERRIHEW v. FORT.

(Circuit Court, N. D. Georgia. October 20, 1899.)

No. 1,080.

1. JURISDICTION OF FEDERAL COURTS—SUIT TO FORECLOSE LIEN—SERVICE ON NONRESIDENT DEFENDANT.

Under section 8 of the federal judiciary act of 1875, continued in force by the acts of 1887 and 1888, a federal court is given jurisdiction of a suit to foreclose a mortgage on real estate within the district, although the defendant is not an inhabitant of the district, nor found therein, where personal service is made upon him in another district.

2. MORTGAGE—DEED GIVEN AS SECURITY—FORECLOSURE.

Under Code Ga. 1895, § 2771 et seq., a deed to real estate, given to secure a debt, may be foreclosed by the grantee as a mortgage, notwithstanding a provision therein that it is to be construed as a deed passing title, and not as a mortgage, such provision being one for the benefit of the grantee, which he may waive at his election.[1]

This is a suit in equity for the foreclosure of a mortgage. On objection to jurisdiction.

C. P. Goree, Geo. Westmoreland, and Goodwin & Hallman, for plaintiff.

J. M. Terrell, Geo. L. Bell, and Spencer R. Atkinson, for defendant.

NEWMAN, District Judge. Subject to certain informalities, which will be hereafter mentioned, this is a suit to foreclose a mortgage on real estate in the city of Atlanta, in the Northern district of Georgia, and to remove a cloud upon the title to the same; the complainant being a citizen and resident of the state of New York, and the defendant a citizen and resident of the Southern district of Georgia. Service was perfected by serving the defendant personally with a copy of the subpœna in Macon, in the Southern district.

The first question is as to the jurisdiction of the court to entertain the suit. Section 8 of the act of March 3, 1875 (1 Supp. Rev. St. [2d Ed.] p. 84), is as follows:

"That when in any suit, commenced in any circuit court of the United States, to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur, by a day certain, to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks," etc.

By the act of March 3, 1887, as corrected by the act of August 13, 1888 (1 Supp. Rev. St. [2d Ed.] p. 614), it is provided that nothing in this last-named act shall be held, deemed, or considered to affect the section of the act of 1875 referred to. So that there can be no ques-

[1] As to foreclosure of mortgages in federal courts, see note to Seattle, L. S. & E. Ry. Co. v. Union Trust Co., 24 C. C. A. 523.

tion whatever as to the jurisdiction of the circuit court of this district to entertain this case.

Another question is raised by the defendant. The instrument sought to be foreclosed as a mortgage in this case is a deed given to secure a debt, conformably to the provisions of section 2771 et seq. of the Code of Georgia of 1895. While it is decided by the circuit court of appeals for this circuit in the case of Ray v. Tatum, 18 C. C. A. 464, 72 Fed. 112, that the deed given in such case may be foreclosed as a mortgage, it is contended that, under the peculiar language in this deed, that decision is not applicable. The language referred to is this:

"This conveyance is to be construed as a deed passing title, and not as a mortgage, and is intended to secure the payment, principal and interest, and all costs of collection, including ten (10%) per cent. attorney's fees, as therein provided, of the promissory note for the sum of five thousand dollars, this day lent to said first party by said second party," etc.

This stipulation is evidently for the benefit of the vendee, and the title is placed in him for the purpose of avoiding certain claims against the property in the event of the vendor's death, which might exist if it were simply a mortgage under the Georgia law. As it is only an instrument to secure a debt, and that is the effect of the whole transaction, the vendee may clearly elect, instead of asserting title in himself, to treat the deed as a mortgage, and proceed to foreclose the same as such in a court of equity. To what extent, in view of the pleadings, relief can be granted as to some of the matters set up in the bill, it is unnecessary at present to determine. The bill clearly shows that it was intended to be a proceeding to foreclose the deed given to secure the debt as a mortgage. This language is used: "And the complainant asserts his right to file this bill in your honor's court, and collect the same and foreclose his said lien." The prayer, however, for foreclosure is informal, and probably insufficient, but, as the bill contains sufficient allegations to show that its purpose was foreclosure, complainant may have leave to amend in this particular.