### In re R. H. ELROD & SON.

(District Court, N. D. Georgia.   December 30, 1913.)

No. 3323.

MORTGAGES (§ 244*)—ABSOLUTE DEED AS MORTGAGE—PARTIAL ASSIGNMENT OF DEBT—EFFECT.

Civ. Code Ga. 1910, § 4276, provides that the transfer of notes secured by a mortgage "or otherwise" conveys to the transferee the benefit of the security, and if more than one note is secured, and the mortgagee transfers some and returns others, the holder of the transferred notes has a preference over the mortgagee if the security is insufficient to pay all the notes. *Held,* that the words "or otherwise" should not be limited, under the rule of ejusdem generis, to transactions in which there exists only a lien in favor of the holder of the note transferred, eliminating transactions, where he holds the title, but that the statute is applicable to a security deed which was in fact a mortgage securing several notes, so that, on the transfer of one of them to the mortgagee's creditor, he was entitled to a preferred claim out of the proceeds of the mortgaged premises for the payment of the note so transferred.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 633–655; Dec. Dig. § 244.*]

In Bankruptcy. In the matter of bankruptcy proceedings of R. H. Elrod & Son. Application by the Arnold Grocery Company for a balance due to the bankrupts on the sale of real property mortgaged to them. From a referee's order denying the application, applicants appeal. Reversed.

Cobb & Erwin, of Athens, Ga., for intervener.

G. A. Johns, of Winder, Ga., for trustee.

NEWMAN, District Judge. This is a petition to review a decision of the referee in the above-stated matter. The facts appear from the certificate of the referee as follows:

That, in the course of such proceedings, an order, a copy of which is annexed to the petition hereinafter referred to, was made and entered the 21st day of July, 1913.

That on the 6th day of October, 1913, Arnold Grocery Company, interveners in such proceeding, feeling aggrieved thereat, filed a petition for review, which was granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

That a summary of the evidence upon which said order was based (by agreement of the counsel for the interveners and the trustee of R. H. Elrod & Son) is as follows: Wood & Blakey was indebted to R. H. Elrod for the purchase money of a stock of goods and storehouse in which said stock was contained in the sum of $2,750, and this indebtedness was evidenced by three promissory notes made by said Wood & Blakey and payable to said R. H. Elrod in amounts as follows: Two notes for the sum of $1,000 each, and the third for the sum of $750. Among other securities deposited with and made to R. H. Elrod by Wood & Blakey to secure said purchase-money notes was a security deed to what was known as the "Jones storehouse and lot" in the town of Carl, Ga. (described and referred to in the pleadings), executed and delivered to said R. H. Elrod by J. H. Wood individually, a member of the partnership of Wood & Blakey. Afterward the firm of R. H. Elrod & Son being indebted to the Arnold Grocery Company in the sum of $698.55, R. H. Elrod transferred to said company one of the purchase-money notes, viz., the one for the $750, as collateral security for the payment of said indebtedness.

There was no formal transfer in writing of the security, or any part thereof (the said security deed of J. H. Wood) by said Elrod to said company.

Subsequently both the firms of Wood & Blakey and R. H. Elrod & Son, and R. H. Elrod and K. A. Elrod, were adjudicated bankrupts.

The "Jones storehouse and lot" having been sold by the trustee in bankruptcy, there was in the hands of the trustee of R. H. Elrod & Son the sum of $274.30 proceeds of said sale. To this fund Arnold Grocery Company filed its intervention, claiming priority as a secured creditor of R. H. Elrod by reason of being the transferee and holder of the $750 note of J. H. Wood and H. E. Blakey.

That the question presented on this review is: By reason of the transfer and assignment of the $750 note of Wood & Blakey by R. H. Elrod to Arnold Grocery Company, did the benefit of the security, under the deed of J. H. Wood to R. H. Elrod, inure to the Arnold Grocery Company without the transfer of the security or any part thereof?

This question involves section 4276 of the Civil Code of Georgia of 1910, as insisted by intervener's counsel, which is as follows: "The transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security. If more than one note is secured and the mortgagee transfers some and retains others, the holder of the transferred notes has a preference over the mortgagee, if the security is insufficient to pay all the notes." See, also, sections 3345 and 3346.

The referee was of opinion that, in order for the transferee of the note in question to take and obtain any benefit from the security deed, there must have been an assignment and conveyance of the title to the land given to secure the note by the holder of the security deed, which resulted in the passage of the order complained of.

In the case of a mortgage, the title remains in the mortgagor, the debtor; in the case of a security deed, the title passes from the debtor to the creditor. Hunt v. New England Mortgage Security Co., 92 Ga. 720, 721, 722, 19 S. E. 27.

It was agreed that the two $1,000 notes had not been transferred, and remained in the hands of the trustee of R. H. Elrod & Son.

Then follows a paragraph with reference to the time within which the petition for review was made and the facts concerning the same, but the court has already decided to hear the petition to review.

The question for determination in this case arises under section 4276 of the Code of Georgia of 1910, which is referred to and quoted by the referee above. The referee found that the fact that the title had gone into Elrod made it necessary that there should have been some conveyance by Elrod to the Arnold Grocery Company, and that, under the language of the section of the Code of Georgia referred to (4276),

the transfer of the note alone would not carry with it the rights that Elrod had under this security deed.

It seems to me that the referee and counsel for the trustee attach too much importance to the word "mortgage," and not enough to the other language of this Code section. More weight should be given, I think, to the word "secure" and the last word in the sentence, "security." The purpose of the law evidently is to give to transferees the benefit of security held by persons making the transfers.

Counsel for the trustee contends that, under the doctrine of ejusdem generis, the words "or otherwise" should be restricted to transactions in which there exists only a lien in favor of the holder of the note transferred, and not to transactions where he holds title. I am unable to agree to this. The words "or otherwise" are very broad and must be considered in connection with the whole expression in the statute "secured by a mortgage, or otherwise." The deed in this case says this: "This deed is made to secure a debt for $2,750." I see no reason whatever why the lawmakers should have intended to limit the scope of this provision of the Code as contended here.

The Circuit Court of Appeals for this Circuit, in Ray v. Tatum, 72 Fed. 112, 18 C. C. A. 464, affirming a decision rendered by this court, holds that deeds like this, even where they were made under Code, §§ 3306, 3307, and there is a deed and a bond to reconvey, might be treated as mortgages for the purpose of foreclosure. In the course of the opinion Circuit Judge McCormick, for the court, states this:

"It is too plain to admit of argument that the transaction was a borrowing of money and giving a lien on land to secure the loan. This is a mortgage."

It is perfectly clear to me that the Code section in question embraces security of the kind now before the court, and that the referee was in error in holding that it does not. This security deed is of the same class as mortgages. Whether the title passes or does not pass by one of these instruments, it is only a paper executed for the purpose of securing the debt, and they are of the same class and kind, and give security only in both cases.

The facts of this case bring the Arnold Grocery Company within the other language of the Code section (4276) as follows:

"If more than one note is secured, and the mortgagee transfers some and retains others, the holder of the transferred notes has a preference over the mortgagee, if the security is insufficient to pay all the notes."

The $750 note was transferred to the Arnold Grocery Company, and Elrod retained the two $1,000 notes. The amount derived from the sale of the property was not enough to pay the Arnold Grocery Company's note, so that, under this law, I think the Arnold Grocery Company is entitled to the whole amount in the hands of the trustee.

The action of the referee is disapproved, and an order should be made by him paying the amount in hand, derived from the sale of this property, to the Arnold Grocery Company.