TALLEY *v.* MOZLEY *et al.; et vice versa.*

HILL, J. 1. "Where the written title to land is in the husband, although he may have paid for it with his wife's money so that he holds it in trust for her, yet if no trust appear on the face of the title, purchasers for value from him or from his vendee are protected against her equity unless they had notice of it, actual or constructive, when they acquired their interest and parted with their money." *Lewis* v. *Equitable Mortgage Co.*, 94 *Ga.* 572 (3), 573 (21 S. E. 224). See also *Carrie* v. *Carnes*, 145 *Ga.* 184 (7), 188 (88 S. E. 949).

(a) The land sued for passed by successive conveyances from the husband of the plaintiff to Bennett, and from Bennett to Murray, and from Murray to Mozley. Regardless of the slight evidence tending to show notice on the part of Bennett of some indefinite interest of the plaintiff in the land, there was no evidence whatever showing notice on the part of Murray or Mozley.

2. The verdict was demanded by the evidence, and, regardless of the rulings of the court complained of by the plaintiff, the court did not err in directing a verdict for the defendants. The newly discovered evidence is not of such character as to require the grant of a new trial.

3. The judgment being affirmed on the main bill of exceptions, the cross-bill is dismissed.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Atkinson, J., absent.*

Nos. 1332, 1333. NOVEMBER 17, 1919.

Complaint for land. Before Judge Morris. Cobb superior court. February 14, 1919.

*Fred Morris* and *James & Bedgood,* for plaintiff.

*H. B. Moss,* for defendants.