VAUGHAN *v.* ATLANTIC LIFE INSURANCE COMPANY.

130

*C. D. McGregor* and *J. R. Hutcheson,* for plaintiff in error.

*A. J. Camp* and *C. B. McGarity,* contra.

Hill, J.   On July 21, 1919, W. S. Vaughan obtained a loan of $4,000 from the British and American Mortgage Company, to secure which he executed and delivered a security deed on 100 acres of described land in Paulding County.   On November 1, 1919, the British and American Mortgage Company sold said debt and transferred the loan deed to the Atlantic Life Insurance Company.   Vaughan failed to pay the loan.   Suit was filed, and judgment was obtained against him on June 22, 1926, and the property in controversy was levied on; whereupon Ava Lee Vaughan, wife of W. S. Vaughan, filed a claim to the land.   On the trial of the claim case the plaintiff in fi. fa. introduced in evidence a deed from J. P. Denton to W. S. Vaughan, dated November 22, 1902, and recorded on June 19, 1903, conveying the land in controversy; also the loan deed together with the transfer and the execution and levy; also evidence tending to show that W. S. Vaughan, from the date of the Denton deed to a year or so before the trial, managed and controlled the land, rented it as his own, received the rents, returned the land in his own name and paid the taxes thereon; that he filed a petition in bankruptcy in June, 1925, and was adjudged a bankrupt; and that he listed the lands here involved in the return of his assets as being his property, subject to the loan above referred to, the land not being administered by the bankruptcy court, for the reason that the value of the land did not exceed or equal the amount of the loan.   The claimant offered evidence tending to show that her father paid for the land and expected the deed to have been made in her name, but was unable to be present when the deed was made, and claimant also was unable, on account of

sickness, to be present when the deed was executed; that her brother and W. S. Vaughan, her husband, attended to the execution of the deed; that the husband had the deed made to himself without the knowledge of herself or her father; and that her husband attended to all of her business, she being unable to attend to it herself, owing to her physical condition. Also in evidence appeared a judgment of the court of ordinary of Paulding County, showing that the claimant was adjudged a lunatic in April, 1904, and she was committed to the asylum in Milledgeville, where she stayed for three or four months. The trial judge directed a verdict for the plaintiff in fi. fa. The claimant's motion for new trial was overruled, and she excepted.

■ The motion for new trial contains two special grounds, the first of which is an elaboration of the general grounds. The record shows that the husband mortgaged the land in controversy to a loan company, which transferred the loan deed to the plaintiff in fi. fa., without any knowledge on the part of the wife's equity. It is insisted that the wife never knew of the deed being made to her husband until after the judgment and advertisement for the sale of the land; and that the claimant's father, who executed the deed to the husband, never knew in his lifetime that the deed had been made to the husband instead of to his daughter as intended. This raises the question whether the wife's secret equity shall prevail over a purchaser from the husband without notice of this equity, the written recorded title being in the husband when the loan deed was executed. We are of the opinion, under the facts of this case, that such secret equity, if any, can not prevail over an innocent purchaser, for value and without notice, from claimant's husband. In *Lewis* v. *Equitable Mortgage Co.*, 94 *Ga.* 572 (3) (21 S. E. 224), this court held, that where the written title to land is in the husband, although he may have paid for it with his wife's money so that he holds it in trust for his wife, yet if no trust appears on the face of the title, purchasers for value from him or from his vendee are protected against her equity unless they had notice of it, actual or constructive, when they acquired their interest and parted with their money. There is not enough evidence in the present case, as there was not in the *Lewis* case, tending to show. notice, "to make notice a substantial issue in this case." And see *Talley* v. *Mozley*, 149 *Ga.* 529 (101 S. E. 120), *Steele* v. *Graves*,

**132**

160 *Ga.* 120 (4) (127 S. E. 465). It was incumbent on the claimant to show that the defendant had notice, and this she failed to do. See *Orr Shoe Co.* v. *Lee,* 159 *Ga.* 524 (1 *a*) (126 S. E. 292). The court did not err in directing a verdict for the plaintiff in fi. fa.

■ Special ground 2 of the motion complains because the court admitted in evidence the loan deed from W. S. Vaughan to British American Mortgage Co., over objection on the ground that it was not properly assigned to the plaintiffs, for the reason that "C. F. Whorton and Z. H. Graham, directors, were not clothed with authority to make the assignment, as appears from the assignment itself, same not being executed in the presence of a proper officer." The attestation clause of the assignment was as follows: "In witness whereof British American Mortgage Co. Ltd. has caused this instrument to be executed in its corporate name by two of its directors, and its corporate seal to be hereto affixed. British American Mortgage Co. (printed and signed), by C. F. Whorton and Z. H. Graham, directors. Signed, sealed, and delivered in the presence of Fred Durr Jr., Gy. W. Whuply, N. P. N. Y., Kings Co. Certified, filed in New York Co., N. Y., showing authority of witnesses to witness documents in any county in N. Y. The corporate seal of the British American Mortgage Co. Ltd. was attached to above certificate and assignment. This deed thus admitted being the deed by which the defendant in fi. fa. mortgaged to the British American Mortgage Co. Ltd. the lands in dispute, and the assignment objected to being a formal assignment and transfer of said mortgage deed from British American Mortgage Co. Ltd. to plaintiff in fi. fa." We are of the opinion that the criticism as to the transfer and assignment of the loan deed to the plaintiff is without merit. *In Augusta Land Co.* v. *Augusta Ry. &c. Co.,* 140 *Ga.* 519 (2) 525 (79 S. E. 138), it was held: "Where a deed purports on its face to convey certain land from one corporation, as grantor, to another, and the corporate name is signed to the deed by the president thereof, with the corporate seal attached, the presumption is that the official or executive officer was authorized to execute the conveyance on behalf of the corporation." And see the cases cited therein.

There was no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, demanded a

verdict for the plaintiff in fi. fa. The court did not err in so directing. Civil Code (1910), § 5926.

*Judgment affirmed. All the Justices concur.*