Ryals *et al. v.* Lindsay *et al.*

Beck, P. J.  1. It is contended that at the time of the execution of the security deed by Henry Ryals certain portions of the land thereby conveyed had been sold to his wife, who had paid as purchase-money thereon the sum of $1200, and had been placed in possession, but no deed had been executed to her. It is contended that the John Hancock Mutual Life Insurance Company, grantee in the security deed, obtained no title to that portion of the land purchased by the wife. The case was submitted to the judge of the superior court without a jury. The facts authorized the finding that the grantee in the security deed had no notice of such sale to the wife; that the record title was in the husband, and the husband and wife lived together until her death, September 19, 1893; and that after such date Henry Ryals remained in possession. The fact that Mrs. McArthur resided on a portion of the land does not alter the finding of fact, because she did so by permission of her father, Henry Ryals.

2. The security deed of Henry Ryals to John Hancock Mutual Life Insurance Company was executed and delivered on November 8, 1918, and recorded on November 15, 1918. In 1924 a proceeding was brought by the children and grandchildren of Mrs. Ryals for the purpose of partitioning the 825 acres claimed to be the property of their mother, and judgment to that effect was obtained, which was affirmed in this court. *McArthur* v. *Ryals,* 162 *Ga.* 413 (134 S. E. 76). The partition judgment could only become effective in the event of the payment of the debt and the reconveyance of the legal title to Henry Ryals or his executrix, Susannah McArthur. That was never accomplished. As shown

below, the equity of redemption held by Henry Ryals was forever barred by the judgment in the Federal court.

3. "Where a husband and wife are in possession of land and the record title thereto is in the husband, who borrows money from another and executes his deed to such land to the lender to secure the money so borrowed, the title of such lender is superior to the equitable title of the wife, of which the lender had no notice, growing out of the fact that the wife's money had paid for the land and that the title thereto should have been conveyed to her instead of to her husband. *Zimmer* v. *Dansby*, 56 *Ga.* 79; *Lewis* v. *Equitable Mortgage Co.*, 94 *Ga.* 572 (3) (21 S. E. 224); *Parker* v. *Barnesville Savings Bank*, 107 *Ga.* 650 (34 S. E. 365); *Austin* v. *Southern Home &c. Asso.*, 122 *Ga.* 439 (4) (50 S. E. 382); *Talley* v. *Mozley*, 149 *Ga.* 529 (101 S. E. 120)." *Steele* v. *Graves*, 160 *Ga.* 120 (127 S. E. 465); *Roland* v. *Wilkinson-Bolton Co.*, 165 *Ga.* 194 (140 S. E. 368); *DeLoach* v. *Sikes*, 169 *Ga.* 465, 468 (150 S. E. 591). In the present case Henry Ryals, who after the death of his wife executed the deed to the John Hancock Mutual Life Insurance Company, held the record title to the land. The ruling in *Walker* v. *Neil*, 117 *Ga.* 733 (10) (45 S. E. 387), was based on a different state of facts; the husband and wife, neither having legal title, resided on the land, and claimed that such residence was notice of the wife's interest, because inquiry of the husband would have led to that information. *Garbutt* v. *Mayo*, 128 *Ga.* 269 (57 S. E. 495, 13 L. R. A. (N. S.) 58), is similarly differentiated by its facts.

4. "If the sheriff has authority to sell property, a failure in the performance of any part of his duty, and for which he would be compelled to indemnify the owner to the extent of the injury received, would not destroy the title of an innocent purchaser." *Sullivan* v. *Hearnden*, 11 *Ga.* 294; *Brooks* v. *Rooney*, 11 *Ga.* 423 (4) (56 Am. D. 430); *Conley* v. *Redwine*, 109 *Ga.* 640 (35 S. E. 92, 77 Am. St. R. 398); *Saunders* v. *Register*, 149 *Ga.* 286 (99 S. E. 857); *Burson* v. *Shields*, 160 *Ga.* 623 (4) (129 S. E. 22), and cit. A failure to advertise as required by statute is an irregularity which would not affect the purchaser not shown to have had knowledge of the defect.

5. One holding a deed to secure debt under the Civil Code (1910), § 3306, has the option of pursuing the statutory method of suing on the indebtedness, obtaining a judgment, executing a quitclaim deed to the debtor and filing the same for record for purposes of levy, and having the land sold under the judgment, or the security deed may be foreclosed as an equitable mortgage. *Wofford* v. *Wyly*, 72 *Ga.* 863; *Pusser* v. *Thompson*, 132 *Ga.* 280 (64 S. E. 75, 22 L. R. A. (N. S.) 571); *Smith* v. *Farmers Bank of Glenwood*, 165 *Ga.* 470 (141 S. E. 203); Ray *v.* Tatum, 72 Fed. 112; Merrihew *v.* Fort, 98 Fed. 899.

6. Where a security deed was foreclosed as an equitable mortgage, and, as in this case, the equity of redemption forever barred, and the land was sold under order of the court by a commissioner and the sale was approved by the court, the approval of the sale was a confirmation of all previous steps in the proceeding, and the purchaser at such sale received as full title as was held by the holder of the security deed.

7. It is contended that the deed made by the commissioner appointed by

the court to Susannah McArthur was an invalid conveyance, because she bought with notice of her mother's interest in the land. There is no evidence that the insurance company, grantee in the deed, had knowledge of the secret interest of the wife of the grantor, mother of Susannah McArthur. "If one without notice sell to one with notice, the latter is protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." Civil Code (1910), § 4535; *Hancock* v. *Gumm*, 151 *Ga.* 667, 676 (107 S. E. 872, 16 A. L. R. 1003); *Hines* v. *Lavant*, 158 *Ga.* 336 (2) (123 S. E. 611).

8. It is contended that Susannah McArthur did not obtain good title under the commissioner's sale to her, because she colluded with the insurance company "to foreclose its deed to secure debt because of the non-payment of the annual interest, and declare the whole debt due, get its judgment, then advertise and sell the said 1247 acres of land, so that at said sale the said Susannah McArthur could buy in same as her individual property and thereby divest title out of plaintiffs in error to their interests now in dispute." The court, under the evidence, was authorized to find against this contention.

9. Error is assigned on the judgment, because the court admitted in evidence, over plaintiff's objection, the alleged intervention of M. M. Ryals and Mrs. Annie (C. M.) Thompson, for the reasons that the record was irrelevant; that it had never been filed in court or sworn to; that as it purported to pray for extraordinary relief, it had to be sworn to under the disclosed facts of this case, in order to get any relief; that there was no order allowing the intervenors to be made parties to the foreclosure proceedings; and that the intervention "only showed at most an anticipated effort·on the part of their attorney, A. S. Way, to do something for them along this line, which . . he had abandoned and never did in court attempt to use said alleged intervention in any way for any purpose." The evidence was not inadmissible for any of these reasons.

10. The remaining assignments of error are without merit, some of them being mere repetitions, and none of them require special mention or discussion.

11. The judgment on which error is assigned is not contrary to evidence and not contrary to law.

*Judgment affirmed. All the Justices concur.*

No. 9049. NOVEMBER 16, 1932. REHEARING DENIED JANUARY 14, 1933.

*W. T. Burkhalter,* for plaintiffs.

*Lankford & Rogers, J. V. Kelley, H. C. Beasley,* and *R. N. Odum,* for defendants.