MORGAN *v.* GREENBERG *et al.*

Nos. 9240, 9421. JUNE 16, 1933.

*James N. Rahal, E. J. Goodwin,* and *Aaron Kravitch,* for plaintiff. *Emanuel Kronstadt,* for defendants.

BECK, P. J. Mrs. Daisy D. Morgan brought her petition against Joseph Greenberg and Emanuel Kronstadt, praying for injunction and other equitable relief. From the allegations of the petition it appears that on July 18, 1924, petitioner executed a warranty deed to certain real estate, which purported to have been executed in consideration of natural love and affection, but that in fact the conveyance from petitioner to her husband was not a deed of gift, but a sale in consideration of the sum of $2500. This deed was duly recorded. Petitioner contends that the sale by her to her husband was void, because no order had been granted by the judge of the superior court authorizing her to execute the deed, and that consequently the title did not pass. to her husband; that afterwards her husband, Thomas Morgan, "as the ostensible owner" of the property, executed to Joseph Greenberg a deed to secure a debt of $3000, and that Greenberg is now proceeding to foreclose the security deed through Emanuel Kronstadt as trustee, and that for the reasons stated the deed of Joseph Greenberg is null and void as against petitioner. It is further alleged that petitioner had no knowledge of the execution and delivery of the deed from her husband to Greenberg; that the property is worth approximately $7500, but because of the existing depression it is doubtful whether, upon a sale, it would bring a sufficient sum to satisfy Greenberg's claim. Petitioner prays that the legal title to the premises involved be decreed to be in her; that Greenberg and Kronstadt be enjoined from proceeding to enforce the deed.

The court refused an injunction in one case, and sustained a general demurrer to the petition. Exceptions are taken to those judgments. The two cases stated above are considered together, because the facts relating to the controlling question are substantially the same in both.

The court did not err in refusing an injunction; nor was the judgment sustaining the demurrer erroneous. Mrs. Morgan, the plaintiff, on July 18, 1924, executed to her husband, Thomas Morgan, a deed which was duly recorded. It purported to be a deed of gift in consideration of natural love and affection. This put the record title in the husband. And where other facts make him the "ostensible owner," as if he lives upon the property, or where the husband and wife live together upon the property while the record title was in him, the wife would be estopped to deny that the deed to

her husband was a deed of gift, as is recited in the deed itself. In *Ryals* v. *Lindsay,* 176 *Ga.* 7 (167 S. E. 284), it was said: "'Where a husband and wife are in possession of land and the record title thereto is in the husband, who borrows money from another and executes his deed to such land to the lender to secure the money so borrowed, the title of such lender is superior to the equitable title of the wife, of which the lender had no notice, growing out of the fact that the wife's money had paid for the land and that the title thereto should have been conveyed to her instead of to her husband. *Zimmer* v. *Dansby,* 56 *Ga.* 79; *Lewis* v. *Equitable Mortgage Co.,* 94 *Ga.* 572 (3) (21 S. E. 224); *Parker* v. *Barnesville Savings Bank,* 107 *Ga.* 650 (34 S. E. 365); *Austin* v. *Southern Home &c. Asso.,* 122 *Ga.* 439 (4) (50 S. E. 382); *Talley* v. *Mozley,* 149 *Ga.* 529 (101 S. E. 120).' *Steele* v. *Graves,* 160 *Ga.* 120 (127 S. E. 465); *Roland* v. *Wilkinson-Bolton Co.,* 165 *Ga.* 194 (140 S. E. 368); *DeLoach* v. *Sikes,* 169 *Ga.* 465, 468 (150 S. E. 591). In the present case Henry Ryals, who after the death of his wife executed the deed to the John Hancock Mutual Life Insurance Company, held the record title to the land. The ruling in *Walker* v. *Neill,* 117 *Ga.* 733 (10) (45 S. E. 387), was based on a different state of facts; the husband and wife, neither having legal title, resided on the land, and claimed that such residence was notice of the wife's interest, because inquiry of the husband would have led to that information. *Garbutt* v. *Mayo,* 128 *Ga.* 269 (57 S. E. 495, 13 L. R. A. (N. S.) 58), is similarly differentiated by its facts." And in *Federal Land Bank of Columbia* v. *Harris,* 176 *Ga.* 732 (168 S. E. 778), the ruling in *Ryals* v. *Lindsay* was quoted and approved. See also *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E. 576). And other cases might be cited here laying down the same principle. We do not overlook the statute declaring that no contract of sale by the wife as to her separate estate with her husband shall be valid unless the same is allowed by order of the superior court of her domicile. Code, § 3009. But a wife may give her property to her husband. A gift will not be presumed, and the evidence to support it must be clear and unequivocal. § 3010. But here was a deed of gift, reciting the consideration to be natural love and affection, and it was recorded, and was allowed to stand on the record for five years or more. The creditor of the husband had no notice of the fact that the deed purporting to be a gift was really a deed

of sale for a consideration. He extended credit upon the ownership by the husband. It is suggested by argument that if the wife was living upon the land, inquiry should have been made of her before she would be estopped from denying that the deed was executed as a deed of gift for the consideration of natural love and affection. We do not think this was necessary. If the wife was not estopped by a deed executed under these circumstances, how could she be estopped if she had stated to the creditor that she had given the property to her husband? If, under the circumstances appearing in this record, the wife is not estopped from claiming that the deed was void because it was a deed of sale, a conveyance for a money consideration, how could one wishing to purchase land from a husband who is in possession ever be safe in making the purchase? To allow the wife who had executed a deed to her husband, perfectly valid upon its face, without any order of the superior court, with the husband in possession of the land, or so situated relatively to the land as to make him the "ostensible owner," to defeat the claim of an innocent purchaser for value, would open the door in numerous cases for the perpetration of fraud. The judge did not err in his judgments in both cases.

*Judgments affirmed. All the Justices concur.*