<hr />

Elijah E. Jones, plaintiff in error, vs. Charles G. Janes, administrator, defendant in error.

On land conveyed in 1870, the vendor, or one holding the notes given for the purchase money, has no lien for payment; nor, after death of the vendee, has such creditor any priority of payment, out of the land or its proceeds, over other creditors by promissory notes, etc.

Vendor and purchaser.  Lien.  Distribution.  Before Judge Underwood.  Polk County.  At Chambers.  December 24th, 1875.

Reported in the opinion.

Wofford & Milner, for plaintiff in error.

L. G. Janes, by brief, for defendant.

Bleckley, Judge.

This bill was by the bearer of certain notes given for the purchase money of land, in 1870, against the administrator of the vendee.   The injunction prayed for and refused, was

to restrain the administrator from selling the land for the purpose of paying debts generally, and until a judgment could be obtained against him in a pending suit on the notes.   The bill asserts a lien upon the land, and denies the right of other creditors to share in it as a fund for the payment of debts, until the purchase money is all discharged.

It is not pretended that the land was not conveyed to the vendee by absolute deed.   The vendor's lien was abolished by the Code, and this transaction was long after the Code was adopted.   If, therefore, this bill were by the vendor, or if the bearer of the notes be admitted to have all the vendor's rights, no lien could be recognized as existing by implication of law. And none is alleged as existing through express contract, by mortgage or otherwise.

The bill fails to disclose any legal or equitable right to priority in the distribution of any of the assets of the intestate's estate.   This debt takes rank, not by its consideration, but simply by the form in which the intestate left it—that of promissory notes: Code, sections 1997, 2533.

Judgment affirmed.