## VAN PELT *v.* HURT *et al.*

1. A written assignment of "all the claims" of the assignor against a named debtor arising upon certain loans made by the assignor to the debtor, operates to pass to the assignee all choses in action falling within this description, including promissory notes held by the assignor against the debtor at the time the assignment was made.
2. While such an assignment of a promissory note, or other evidence of indebtedness, secured by a deed to land executed under the provisions of section 1969 *et seq.* of the code, does not pass to the assignee a legal title to the land itself, such assignee has, and as against the debtor may, when necessary to the collection of such claim, assert an equitable interest in the security effectuated by the deed; and in such case it is within the power of a court exercising equity jurisdiction, upon proper pleadings and evidence, to afford appropriate relief in the premises.
3. Taking into view all the allegations of·the plaintiff's petition

in the present case, the same was not without equity, and there was no error in overruling the defendant's demurrer. January 20, 1896.

Equitable petition.  Before Judge Lumpkin.  Fulton superior court.  March term, 1895.

*John A. Wimpy,* for plaintiff in error.
*Glenn, Slaton & Phillips,* contra.

SIMMONS, Chief Justice.

1. The Home Building and Loan Association, in winding up its business, executed an assignment as follows:

"Georgia, Fulton county.  For value received, the Home Building & Loan Association hereby transfers to H. C. Stockdell, Joel Hurt and A. L. Waldo all the claims of said Home Building and Loan Association against the following parties, to wit: [naming several persons, among whom was F. M. Van Pelt], said claims having arisen from said parties borrowing as members of said association.

"In witness whereof the said Home Building & Loan Association has hereunto set its hand and seal this 12th day of December, 1888.

The Home Building & Loan Association (Seal)
by George Winship, President,
by Joel Hurt, Sect. & Treasurer."

It appears that Van Pelt had borrowed from the association a certain amount of money, for which he had given his promissory note, secured by fifteen shares of the stock of the association, and by a deed, under section 1969 of the code, to certain realty in the city of Atlanta.  It appears further, that he failed and refused to pay his dues to the association as required by the by-laws, and failed also to pay the taxes due upon the property to the State, county and city, and the association had been compelled to redeem the property after it had been sold for taxes, and subsequently bought it in at another tax sale and received a deed thereto, made in pursuance of such sale.  The parties to whom the assignment above set out was made filed their equitable petition to the superior court, wherein these facts were

alleged, and prayed that the deed given by Van Pelt to the association as security be foreclosed as an equitable mortgage, that all sums expended by them for taxes, etc., be declared a lien upon the premises, and that they be granted a decree for said sums and that the property be sold therefor; for judgment against defendant in any event for the amount of the claim of the association, and the sums expended in paying taxes, etc., and that if it should be determined that they have not the title to the property, the property be sold and they be paid their claims out of the proceeds of the sale.

The petition was demurred to on various grounds, which were overruled, and the defendant excepted.

1. One of the grounds of demurrer was, that the transfer above set out is void in that it does not describe what property or claim is transferred to the plaintiffs, or whether it is for money, personal property or for land. There is no merit in this objection. The terms of the assignment are very broad. It is a transfer of "all the claims" of the association against the parties named, one of whom is Van Pelt; and the claims are further identified by the statement that they had "arisen from said parties borrowing as members of said association." No particular form of assignment is required. The description of the property assigned is sufficient when it can be readily ascertained what property is meant.

2. Another ground of demurrer was, that the petition did not show that the association transferred to the plaintiffs by deed the title to the property which the association held from the defendant to secure the loan. The petition, it is true, does not allege that such a deed was made by the association to the plaintiffs; and if the rights of the plaintiffs depended alone upon their having a legal title to the land from the association, the demurrer would have been good. An assignment of a promissory note or other evidence of indebtedness to secure which a deed to land has been given

by the assignor, does not pass to the assignee the title to the land itself. The assignee acquires, however, an equitable interest in the security, which, when necessary to the collection of the debt, he may assert as against the debtor; and in such case a court of equity, upon proper pleadings and evidence, will afford appropriate relief. If the security had been a mortgage, instead of a deed conveying the legal title, the transfer of the debt secured by the mortgage would have carried with it the mortgage itself. (See *Murray & Co.* v. *Jones*, 50 *Ga.* 119, and cases cited; Colebrook, Collateral Securities, §144.) And so, where the security is a deed conveying the legal title, the transfer carries with it an equitable interest in the security, though not the legal title; and a court of equity will give effect to the transferee's rights in the premises. See *Henry* v. *McAllister*, 93 *Ga.* 671.

3. Taking into view all the allegations of the plaintiffs' petition in the present case, the same was not without equity, and there was no error in overruling the. defendant's demurrer.                    *Judgment affirmed.*