SHEPPARD *v.* REESE, administrator.

</div>

1. Where a plaintiff in an action for breach of warranty in a conveyance of land alleges eviction arising from the fact that his warrantor had conveyed the premises to a named person, he can not maintain such allegation by proving that the warrantor had conveyed the land to some one else; and the more especially is this true when he does not show that title ever in fact went into such third person.

2. Where a conveyance of land has been executed to secure a note given by the grantor and payable to the grantee, who was acting in the transaction as the agent of a third person, the mere indorsement of the note and deed by the grantee to his principal will not operate to put the title to the land in the principal, so as to enable him, under the provisions of § 5432 of the Civil Code, to make a quitclaim conveyance to the grantor in the security deed, in order to have the land levied upon under an execution issued on a judgment obtained on such note by the principal against the grantor.

3. When, by way of equitable cross-action and appropriate allegations a defendant sets up that a deed does not speak the real truth of what was intended by both parties should be inserted therein, it is competent to support such cross-action by parol evidence, and it is erroneous to reject relevant evidence offered for this purpose.

<div align="center">Argued November 22, — Decided December 13, 1901.</div>

Action for breach of warranty.  Before Judge Butt.  Marion superior court.  January 4, 1901.

*Simeon Blue* and *Shipp & Sheppard*, for plaintiff in error.
*Lumpkin & Dunham* and *W. D. Crawford*, contra.

FISH, J.  Daniel F. Farris brought his action against John A. Sheppard, for a breach of covenant of warranty contained in a deed executed June 23, 1890, by the defendant to the plaintiff, to lot 176 in the 3d district of Marion county.  Upon the trial there was a verdict finding damages for the plaintiff.  The defendant made a motion for a new trial, which being overruled, he excepted and brought the case here for review.  Pending the case here, Farris died, and E. B. Reese, administrator of his estate, was made a party as defendant in error.

1.  Plaintiff in his petition alleged that, at the time the deed containing the warranty was executed, the New England Mortgage Security Company held a paramount title to him, executed to it by the defendant, Sheppard, as security for a debt, and that afterwards the land was levied on and sold under an execution in favor of that company, issued upon a judgment based on such debt, and plaintiff was, in consequence, evicted.  Upon the trial plaintiff offered in evidence a deed from J. A. Sheppard to J. F. F. Brewster to the lot of land 176, dated January 25, 1888, which recited that it was given by the grantor to the grantee to secure the payment of a note for $500 ; also, a deed from the New England Mortgage Security Company, conveying the same land to J. A. Sheppard, dated February 16, 1894, the deed reciting that the Mortgage Security Company held the land as security for the note given to Brewster, and that the deed was made for the purpose of having the land levied on by virtue of an execution in favor of the New England Mortgage Security Company against J. A. Sheppard.  The defendant objected to the introduction of these deeds, upon the ground that they were irrelevant and immaterial.  The objection was overruled, and the defendant excepted.  This ruling is complained of in the motion for a new trial.  We think that the objection was well taken, and that the deeds should have been excluded. As we have seen, the allegation of the petition was that, at the time the defendant conveyed the land to the plaintiff, the New England Mortgage Security Company held a paramount title, under which

the plaintiff was evicted.  The fact that the defendant had con-
veyed the land to Brewster prior to the date of the deed to the
plaintiff did not tend to sustain the allegation of the petition, un-
less the proof went further and showed that the Security Company
held the land under a conveyance from Brewster.   There is no
evidence to this effect in the record.   It does appear, however,
that Brewster indorsed the note which Sheppard gave him, which
was secured by the deed from Sheppard to him, to the Security
Company, and that the deed from the Security Company to Sheppard,
which was objected to, was executed by Brewster as president of
such company; and counsel for defendant in error contend that as
Brewster would be estopped from setting up title in himself as
against the Security Company, such estoppel would operate as a
conveyance to it of his title, and that therefore the two deeds ob-
jected to were admissible.   We can not concede the soundness of
this contention.   The legal title remained in Brewster, notwith-
standing the fact that he may have been estopped from setting it
up in himself against the company, by reason of the execution
by him, as president of the company, of the deed to Sheppard.
Estoppel does not convey title.   As, under the facts above stated,
no paramount title was shown in the Security Company, the deed
made by it to Sheppard, for the purpose of having the land levied
on and sold as his property, was inadmissible.   This last-mentioned
deed was evidently intended to be made under the provisions of the
Civil Code, § 5432.   This section provides that where a deed to
secure a debt has been executed and such debt has been reduced to
judgment by the payee, assignee, or holder thereof, " the holder of
the legal title," or, if he is dead, his executor, etc., shall, without or-
der of any court, make and execute to the defendant in fi. fa., or, if
he be dead, to his executor, etc., a quitclaim conveyance to the prop-
erty conveyed in the security deed, and file and have the same re-
corded in the clerk's office, and thereupon the same may be levied
upon and sold as other property of the defendant, and the proceeds
shall be applied to the payment of such judgment.   As Brewster,
and not the Mortgage Security Company, was "the holder of the
legal title," the deed made by the latter to Sheppard was not in
compliance with the statute, and could not operate to convey such
legal title to Sheppard for the purpose of having the land levied
upon and sold as his property under the provisions of the statute.
*Henry* v. *McAllister*, 93 *Ga.* 671; *Van Pelt* v. *Hurt*, 97 *Ga.* 660.

2. Further complaint is made in the motion for a new trial, that the court erred in charging the jury as follows: "It is insisted upon the part of the plaintiff in this case that Brewster was simply the agent of the New England Mortgage Security Company, and if that is true and he was the agent of the New England Mortgage Security Company, then, gentlemen, the court charges you that title did pass upon the indorsement over to the New England Mortgage Security Company by this man Brewster." "Now, was Brewster the agent of this company? Then if he was, his indorsement carried this title and would enable the New England Mortgage Security Company to make a deed back to Sheppard and [have the same] filed and recorded in the clerk's office before levy was made. If that is true and under and by virtue of that fact the plaintiff in this case [was] evicted, then he would be entitled to damages, whatever you see fit to give him under the proof in the case." There is only a general assignment of error upon these instructions; but we must consider it for the purpose of ascertaining whether or not the language complained of states a correct abstract principle of law, and, if it does not, the record will be examined for the purpose of ascertaining whether or not the plaintiff in error has been injured by the giving of the instructions. *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500. We think it clear that the instructions complained of did not give a correct and accurate statement of the law, and that they were injurious to plaintiff in error. If Brewster, in the transaction, was acting as the agent of the New England Mortgage Security Company, when Sheppard executed to him, individually, the note and the security deed, the mere indorsement by him to the company of the note secured by the deed would not operate to put the legal title to the land in the company, nor would his indorsement of both the note and the deed to the company have this effect, but the legal title would still remain in Brewster. *Henry* v. *McAllister, Van Pelt* v. *Hurt*, supra. This being true, the mortgage security company could not, under the provisions of the Civil Code above stated, convey the land to Sheppard for the purpose of having it levied upon and sold.

3. Sheppard, the defendant in the court below, filed therein his equitable cross-action, in which he alleged that he conveyed to the plaintiff, Farris, the lot of land 176 in consideration of a conveyance by Farris to him of certain parcels of land in the town of

Buena Vista, and that, at the time of the execution of the deeds in pursuance of such agreement, Farris knew that Sheppard had conveyed lot 176 to Brewster to secure the note given by Sheppard to Brewster, and that the understanding, at the time of the execution of the conveyance by Sheppard to Farris, was that the latter should receive and accept the land subject to the incumbrance of the security deed, the amount of which incumbrance represented the difference between the values of the lands so exchanged, and that in drafting the deed from Sheppard to Farris this condition was omitted therefrom by accident and mistake of the parties; and in such cross-action the defendant prayed that the deed from himself to the plaintiff be reformed so as to express the true contract between them. Upon the trial the defendant offered to prove by a witness that Farris had admitted that the trade between him and the defendant was that Farris was to assume and pay off such incumbrance. The defendant himself offered to testify that such was the contract and understanding, and that the same, by accident and mistake, was omitted from the deed by the scrivener. This evidence was excluded by the court, and error is assigned upon such rulings in the motion for a new trial. The evidence was clearly relevant in support of the allegations of the cross-action. It was not offered for the purpose of contradicting or varying the terms of the deed, but for the purpose of reforming it, and, if the allegations of the equitable cross-action were true, the defendant had the right to have the deed so reformed that it would contain the matter omitted therefrom by accident and mistake of the parties.

We have dealt with all of the questions made in the bill of exceptions. Other questions which might have been made therein, some of which were argued here, are not properly before us for decision.        *Judgment reversed.    All the Justices concurring.*