## CLARK *et al. v.* HAVARD.

There was equity in the petition, and it was not subject to any of the objections raised in either of the demurrers.

Argued January 31,—Decided March 4, 1905.

Equitable petition.     Before Judge Lumpkin.     Fulton superior court.    January 30, 1904.

The petition was by Agnes Havard against Amanda A. Clark, Thomas A. Clark, Annie O. Clark, and the Security Investment Company.  The allegations were, in substance, as follows: Thomas A. Clark owned a tract of land in Fulton county, and conveyed a part of it to his wife, Amanda.   Afterwards she executed to the Security Investment Company a deed to the entire tract, as security for the payment of a note made by her to the company.  The company transferred the note, before maturity, to the plaintiff, but retained title to the land.   The consideration of the note was a loan negotiated through Samuel Barnett, a loan broker, on the application of Thomas Clark, who was acting for his wife.   At the time of employing Barnett to negotiate the loan, Thomas Clark promised Barnett that he would make and deliver to Amanda a deed conveying to her the title to the part of the land which he then owned; and, acting on this promise, Barnett negotiated the loan, representing to the Security Investment Company that Amanda had title to the entire tract on which the loan was made. The company acted on this assurance in making the loan and in taking the deed from Amanda to the entire tract.   A part of the money loaned by it was turned over by her to Thomas Clark, and used by him to pay off an incumbrance on his part of the land. Afterwards, Amanda, at his instance, executed to her daughter, Annie O. Clark, a warranty deed to the land.   The plaintiff sued on the note transferred to her, but did not obtain final judgment until after several years of litigation, in which the Clarks interposed every possible obstacle to a recovery.   After she had obtained judgment, she procured the execution of a conveyance of the land by the Security Investment Company to Amanda Clark, for the purpose of levy and sale.   A levy was made, and Annie O. Clark interposed a claim, but withdrew it.   The Clarks are insolvent.   They are in possession of the land, collecting the rents.   It

has depreciated in value, and would not at sheriff's sale bring a sum sufficient to pay the debt. It is the purpose of the Clarks to harass and delay the plaintiff in the enforcement of her rights, by filing frivolous claims, and by other means, as long as possible. It is alleged that Thomas Clark is estopped from asserting title to any part of the land, as against the Security Investment Company and the plaintiff; that the Security Investment Company holds the title to the land as trustee for the plaintiff; and that the plaintiff is the owner of a complete equity in the land. The plaintiff prays that title to the land be decreed to be in her; that the Security Investment Company be required to make a conveyance of the land to her; that she recover the land from the Clarks, and that a writ of possession issue; that the defendants be enjoined from collecting the rents or interfering with the property ; and for general relief.

The Clarks demurred, on the grounds, that the petition is without equity ; that the plaintiff has a remedy at law by enforcement of her fi. fa. against the land ; that it is not alleged that the plaintiff is the present holder and owner of the judgment against Amanda Clark, or that she has not been reimbursed the amount of money " she loaned to the said Amanda;" and that it is not alleged that the title to the land has ever been conveyed to the plaintiff by the Security Investment Company. Thomas Clark demurred on the ground that no sufficient facts are set forth to raise an estoppel against him to assert title to a part of the land ; and that if an estoppel exists, it can be set up to defeat any claim filed by him to a levy on the land. The court sustained the demurrer and dismissed the petition, but at the same term, on the plaintiff's motion, vacated the order of dismissal and reinstated the case. The Clarks excepted.

*R. O. Lovett* and *W. W. Haden*, for plaintiffs in error.
*Anderson, Anderson & Thomas*, contra.

COBB, J. The grantee in a security deed may sue the debt to judgment and cause the land to be levied upon and sold after a reconveyance to the debtor, or he may bring an action to recover possession of the land upon the title derived from the security deed. He may pursue these remedies concurrently, and neither is an obstacle in the way of the other until the debt has been fully satisfied under the operation of one or the other proceeding.

*Ray* v. *Pitman,* 119 *Ga.* 678, 681, and cit.. A transfer of the debt by the grantee does not, in the absence of a conveyance, pass to the transferee title to the land. *Sheppard* v. *Reese,* 114 *Ga.* 411 (2). But as a result of such transfer the transferee acquires an equitable interest in the security effectuated by the deed. *Van Pelt* v. *Hurt,* 97 *Ga.* 660 (2). After the debt has been transferred the grantee in the security deed holds the title for the benefit of the transferee. *Shumate* v. *McLendon,* 120 *Ga.* 397 (10). The transferee may proceed to collect the debt by obtaining judgment and causing a levy to be made on the land after a reconveyance by the grantee; or he may in equity accomplish the same result by a proceeding against the debtor and the grantee, and in such a proceeding he may obtain a decree providing for a sale of the land and the payment of the debt, or for a recovery of the possession of the land, to be held for the same purpose and to the same extent as the grantee could have recovered it if he had not transferred the debt. At law the transferee is the owner of the debt, but not the owner of the land. In equity he is the owner both of the land and the debt If a court of equity has taken jurisdiction at the instance of the transferee, for the purpose of allowing him to assert his equitable title to the land, he may make such parties and ask such decree as may be necessary and proper to make the assertion of his equitable right complete. Hence, if there are third persons asserting title which can not be legally or equitably asserted as against the transferee, and such parties are colluding for the purpose of delaying and hindering him in the pursuit of the remedies which equity will afford him to obtain satisfaction of his debt, a petition making these persons parties and setting forth sufficient facts to enable the court to render a decree which would make effective the assertion of the plaintiff's right to the land would not be multifarious. *Conley* v. *Buck.* 100 *Ga.* 187; *Ernest* v. *Merritt,* 107 *Ga.* 61. Applying these principles to the case under consideration, it is clear that the plaintiff did not have legal title to the land, but did, by the transfer of the debt, obtain an equitable interest in the security, and therefore such an equitable title to the land as was necessary to enable her to assert her equitable interest in the land. The promise made by Thomas Clark to Barnett, to convey his interest in the land to his wife, and his failure to comply with

his promise, together with his use of a portion of the money loaned to Mrs. Clark to pay off an incumbrance on his land, was such a fraud that, as between him and Barnett, he would be clearly estopped from asserting title to the land after Barnett acted on the faith of this promise; and this estoppel could be taken advantage of by the Security Investment Company, or its transferee, each of whom parted with money upon the representation of Barnett that the title was in Amanda Clark. The Security Investment Company would have a right of action against Barnett, if he stated to it that the title was in Amanda Clark when he knew it was not; and as Thomas Clark would be estopped from asserting title against Barnett, there is no good reason why this estoppel could not be available by those who had acted upon the statement of Barnett which was founded upon the promise of Clark. The daughter of Amanda Clark, who claimed title under a conveyance executed after the security deed, and who had at least constructive notice of the security deed, had no right to assert the title which she obtained as against the legal title of the Security Investment Company or the equitable title of its transferee. It was alleged that the three Clarks were insolvent, and the allegations of the petition were sufficient to show that they had colluded and conspired to defeat the plaintiff in the collection of her debt. There was equity in the petition, and it was not subject to any of the objections raised in either of the demurrers which were filed.

<div align="center">

*Judgment affirmed. All the Justices concur.*