## BEASLEY, administrator, *et al. v.* ANDERSON.

HINES, J. 1. A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333).

(*a*) The petition alleges a cause of action in favor of petitioner against the other parties to the contract therein set out, for the recovery by petitioner of the amounts claimed by him under said contract against such parties; and for this reason the petition as a whole was not subject to general demurrer.

(*b*) Where a petition is filed against several defendants, a separate demurrer by two of them, in their own names and behalf only, affords no cause for dismissing the petition as to the other defendants who do not demur. *Byron* v. *Gunn*, 111 *Ga.* 805 (2) (35 S. E. 649).

(*c*) The petitioner does not seek to enforce any claim against the estate of the intestate, but seeks to recover portions of the shares of certain distributees in the proceeds from the sale of the redeemed land under his contract with such distributees.

(*d*) The facts make an equitable assignment for value of the shares of the plaintiffs in the redemption proceeding in the proceeds of the land recovered, or so much thereof as is necessary for the payment of their indebtedness to petitioner for money advanced for the redemption of their land from the tax sale, for attorneys' fees in the prosecution of the redemption suit, and for petitioner's expenses incurred in conducting said litigation. *Whitehead* v. *Fitzpatrick*, 58 *Ga.* 348. Petitioner has an equitable claim upon these funds in the nature of a lien. *Gamble* v. *Central Railroad Co.*, 80 *Ga.* 595, 600 (7 S. E. 315, 12 Am. St. R. 276); *Brown* v. *Southern Railway Co.*, 140 *Ga.* 539 (79 S. E. 152). So delivery of a promissory note payable to the order of a named payee, as collateral security, without indorsement or written assignment, vests in such person an equitable interest. *Benson* v. *Abbott*, 95 *Ga.* 69 (22 S. E. 127). Where an agreement is made between a debtor and his creditor that the debt of the latter shall be paid out of a fund belonging to the debtor in the hands of a third party, and is assented to by him, this will be effective in equity to transfer an interest in such fund to the extent of his debt to the creditor. 5 C. J. 915 (§ 80), note 41; *Rivers* v. *Wright*, 117 *Ga.* 81 (43 S. E. 499). Any order, writing, or act which makes an appropriation of a debt or funds amounts to an equitable assignment, and such an assignment may rest in parol. 5 C. J. 902 (§ 66), 909, 911 (§ 78); *Dugas* v. *Mathews*, 9 *Ga.* 510 (54 Am. D. 361); *Whitehead* v. *Fitzpatrick*, supra; *Stanford* v. *Connery*, 84 *Ga.* 731 (11 S. E. 507); *First National Bank* v. *Hartman Steel Co.*, 87 *Ga.* 435 (13 S. E. 586). There is nothing to the contrary in *Turk* v. *Cook*, 63 *Ga.* 681, and similar cases, in which this court held that under section 3653 of the Civil Code of 1910 an assignment must be in writing, to vest in the assignee the title to a chose in action; nor is our ruling in conflict with section 3654, which provides that "A fund may be assigned in writing; the written acceptance of a draft will be treated as an assignment pro tanto of funds of the drawer in the hands of the acceptor." The effect of this section is not to render illegal all

equitable assignments resting in parol. This section was codified from the decision in *Baer* v. *English*, 84 *Ga.* 403 (11 S. E. 453, 20 Am St. R. 372), which dealt with the question whether an ordinary bill of exchange, until accepted, operated as an assignment. In that case Judge Bleckley said: "There may be cases (see *Daniel* v. *Tarver*, 70 *Ga.* 203) in which the doctrine of equitable assignment would still have application, notwithstanding the Code furnishes the means by which to accomplish a legal assignment without any aid from equitable principles."

(e) The judge did not err in overruling the demurrer to the petition.

2. In the absence of any writings showing that the intervenors have the legal title to the shares of the owners in the proceeds of the sale of this land, we can not deal with them as having the legal title to these shares. So we treat both the petitioner and intervenors as holders of equitable assignments of these interests; the former as the holder of a partial assignment thereof, to which the administrator had assented, and the latter as the holders of a total assignment without legal title. In these circumstances the intervenors do not come within the rule laid down in *King* v. *Central of Georgia Railway Co.*, 135 *Ga.* 225 (69 S. E. 113, Ann. Cas. 1912A, 672), that "The holder of a partial assignment of a chose in action, to which the debtor of the assignor has not assented, is not entitled to priority in payment over a subsequent assignee, for value and without notice, of the entire chose in action." It not appearing that the intervenors have the legal title, they can not prevail over the equity of petitioner, who ·has the stronger equity. Moreover, under the facts in this case, the administrator can not be treated as the debtor of the owners of the shares in the proceeds arising from the sale of this land, but is to be treated as their agent to effectuate the assignment in favor of petitioner.

3. In paragraph 10 of the petition it is alleged, among other things, that petitioner made seven trips from Savannah to Reidsville in the conduct of said redemption litigation, spending a few days each time in attendance upon the court, and that the same cost him $350, which was to be paid back to him under the contract between him and the plaintiffs in the redemption suit. In their answers Mrs. J. O. Stanfield, Mrs. J. C. Hagan, and the intervenors deny this allegation. The evidence of petitioner shows the making of these trips, but does not show the value of his time and the expense incurred in making these trips. The jury returned a verdict in his favor for $125 on this claim; but the verdict for this amount is without evidence to support it. For this reason we grant a new trial, unless petitioner will, before the judgment of this court is made the judgment of the court below, write off from the verdict the amount of $125 found in his behalf, in which event the judgment refusing a new trial will be affirmed.

4. The other grounds of the motion for new trial are without substantial merit, and do not require the grant of a new trial.

*Judgment affirmed on condition that the petitioner write off from the verdict the amount above specified. All the Justices concur.*

No. 6786. DECEMBER 12, 1928.

474

*C. L. Cowart,* for plaintiffs in error.    *W. G. Warnell,* contra.