19581. CORLEY *v.* JARRELL, sheriff, for use, etc.

DECIDED DECEMBER 14, 1929.

*W. R. Jones, N. F. Culpepper,* for plaintiff in error.
*J. F. Hatchett, R. A. McGraw,* contra.

JENKINS, P. J. This was a suit by the sheriff for the use of the transferee of a note secured by a security deed, to recover the difference between the bid made by the defendant at a public sale of the land described in the deed, under the levy of a fi. fa. based on the note, and the price at which the property was resold after the defendant had failed to comply with his bid. The jury found for the plaintiff, and the defendant excepts to the order overruling his motion for new trial. When this case was formerly adjudicated by this court, it was held that there was nothing to show the validity of the sale at which the defendant bought the land, for the reason that it did not appear that any reconveyance of the land had been made to the defendant in fi. fa. *Corley* v. *Jarrell,* 36 *Ga. App.* 225 (136 S. E. 177). The plaintiff, in order to avoid the effect of that decision, sought to show such a valid reconveyance, by setting up a transfer of the security deed from the original grantee to the plaintiff in fi. fa. and a subsequent conveyance of the land by the plaintiff in fi. fa. to the defendant in fi. fa., filed and recorded prior to the levy, as provided by law. It appears that the original grantee in the security deed, in transferring the note secured by the deed to the plaintiff in fi. fa., did not transfer the title to the land held as security, but merely undertook to "transfer the deed herein with all our rights and titles."

"For the holder of the security deed to transfer the notes or merely to transfer the security deed (that is, by a mere entry of transfer which does not also purport to convey the land itself) does not pass the legal title to the transferee; but a transfer of the notes,

whether with or without recourse, does not operate to put the legal title back into the debtor. The transaction gives to the transferee an equity; and the grantor holds the legal title for his benefit." Powell, Actions for Land, 528, § 398. See also *Henry* v. *McAllister,* 93 *Ga.* 667 (2) (20 S. E. 66) ; *Van Pelt* v. *Hurt,* 97 *Ga.* 660 (2) (25 S. E. 489) ; *Sheppard* v. *Reese,* 114 *Ga.* 411 (40 S. E. 282) ; *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786) ; *Shumate* v. *McLendon,* 120 *Ga.* 396 (10) (48 S. E. 10) ; *Clark* v. *Havard,* 122 *Ga.* 273, 275 (50 S. E. 108) ; *Tillman* v. *Bomar,* 134 *Ga.* 660 (68 S. E. 504) ; *McCook* v. *Kennedy,* 146 *Ga.* 93 (90 S. E. 713). Accordingly, the title to the land having never passed out of the original grantee under the security deed, the transferee of the note had no title which he could reconvey for the purpose of levy, and the status of plaintiff's case therefore remains the same as at the time it was previously adjudicated by this court. There being no valid reconveyance of the title to the defendant in fi. fa. prior to the levy and sale at which defendant made his bid, the sale was void, and the plaintiff is not entitled to recover for the defendant's failure to comply with his bid.

*Judgment reversed. Stephens and Bell, JJ., concur.*