MERCHANTS & CITIZENS BANK *et al. v.* BOGLE, trustee.

No. 8597. MARCH 16, 1932.

614

*W. S. Mann,* for plaintiffs.

*W. B. Smith* and *Hal M. Smith,* for defendant.

RUSSELL, C. J. As will be seen from the foregoing statement of facts, the fund in hand for distribution by the court was derived solely from a sale of the assets of the Peoples Hardware Co., which had not been adjudicated to be bankrupt. The trustee in bankruptcy claimed this fund as the representative of Folsom & Tillman Hardware Co., for the reason that the assets of the Peoples Hardware Co. had been assigned to the Folsom & Tillman Hardware Co. to secure an indebtedness due by the Peoples Hardware Co. to the bankrupt, Folsom & Tillman Hardware Co. The Peoples

Hardware Co. executed and delivered to the Folsom & Tillman Hardware Co. a series of notes which were secured by the assignment of the property, which was later sold and from which the fund now before us was derived.

A trustee in bankruptcy is entitled to have all that the bankrupt has, but he is not entitled to anything to which the bankrupt would not be entitled. Before the Folsom & Tillman Hardware Co. was adjudicated a bankrupt, that corporation assigned and transferred to the Atlanta Plow Co. two of these notes. Under the Civil Code (1910), § 4276, these notes which were transferred to the Atlanta Plow Co. have a preference over any of the remaining indebtedness to the Folsom & Tillman Hardware Co., evidenced by notes of this same series. The code section provides that "The transfer of notes secured by a mortgage *or otherwise* conveys to the transferee the benefit of the security. If more than one note is secured and the mortgagee transfers some and retains others, the holder of the transferred notes has a preference over the mortgagee if the security is insufficient to pay all the notes." In this case the fund in hand is insufficient to pay the notes which were transferred to the Atlanta Plow Co. We are therefore of the opinion that the entire fund should be awarded to that corporation. *Investors Syndicate* v. *Thompson,* 172 *Ga.* 203 (158 S. E. 20). This code section was construed by Judge Newman in re R. H. Elrod & Son, 215 Fed. 253, in a proceeding in bankruptcy. In that case Wood & Blakey was indebted to R. H. Elrod for the purchase-money of a stock of goods and storehouse, in the sum of $2,750. This indebtedness was evidenced by three promissory notes, two for $1,000 each and the third for $750. Among other securities Wood & Blakey gave a security deed to a described storehouse and lot. Afterward R. H. Elrod & Son, being indebted to Arnold Grocery Co., transferred to said company the purchase-money note for $750 as collateral security for the payment of the indebtedness. There was no formal transfer in writing of the security or any part thereof by Elrod to the Arnold Grocery Co. Both firms were adjudicated bankrupt. The referee conceded that the question involved § 4276 of the Civil Code of 1910, but was of the opinion that, in order for the transferee of the transferred note to take and obtain any benefit from the security deed, there must have been an assignment and conveyance of the title to the land given to secure

the note by the holder of the security deed. The Federal Court, Northern District of Georgia, disapproved the action of the referee, and made an order requiring the referee to pay the amount in hand derived from the sale of the property to the Arnold Grocery Co. In the opinion Judge Newman said: "The question for determination in this case arises under section 4276 of the Code of Georgia of 1910, which is referred to and quoted by the referee above. The referee found that the fact that the title had gone into Elrod made it necessary that there should have been some conveyance by Elrod to the Arnold Grocery Company, and that, under the language of the section of the Code of Georgia referred to (4276), the transfer of the note alone would not carry with it the rights that Elrod had under this security deed. It seems to me that the referee and counsel for the trustee attach too much importance to the word 'mortgage,' and not enough to the other language of this code section. More weight should be given, I think, to the word 'secure' and the last word in the sentence, 'security.' The purpose of the law evidently is to give to transferees the benefit of security held by persons making the transfers. Counsel for the trustee contends, that, under the doctrine of ejusdem generis, the words 'or otherwise' should be restricted to transactions in which there exists only a lien in favor of the holder of the note transferred, and not to transactions where he holds title. I am unable to agree to this. The words 'or otherwise' are very broad and must be considered in connection with the whole expression in the statute, 'secured by a mortgage, or otherwise.' The deed in this case says this: 'This deed is made to secure a debt of $2,750.' I see no reason whatever why the lawmakers should have intended to limit the scope of this provision of the Code as contended here. The Circuit Court of Appeals for this Circuit, in Ray v. Tatum, 72 Fed. 112, 18 C. C. A. 464, affirming a decision rendered by this court, holds that deeds like this, even where they are made under Code §§ 3306, 3307, and there is a deed and a bond to reconvey, might be treated as mortgages for the purpose of foreclosure. In the course of the opinion Circuit Judge McCormick, for the court, states this: 'It is too plain to admit of argument that the transaction was a borrowing of money and giving a lien on land to secure the loan. This is a mortgage.' It is perfectly clear to me that the Code section in question embraces security of the kind now before the court, and

that the referee was in error in holding that it does not. This security deed is of the same class as mortgages. Whether the title passes or does not pass by one of these instruments, it is only a paper executed for the purpose of securing the debt, and they are of the same class and kind, and give security only in both cases. The facts of this case bring the Arnold Grocery Company within the other language of the Code section (4276) as follows: 'If more than one note is secured, and the mortgagee transfers some and retains others, the holder of the transferred notes has a preference over the mortgagee if the security is insufficient to pay all the notes.' The $750. note was transferred to the Arnold Grocery Company, and Elrod retained the two $1,000 notes. The amount derived from the sale of the property was not enough to pay the Arnold Grocery Company's note; so that, under this law, I think the Arnold Grocery Company is entitled to the whole amount in the hands of the trustee."

We are only called upon to decide whether the court erred in decreeing that the fund in hand should be awarded to the trustee in bankruptcy for distribution to the creditors of Folsom & Tillman Hardware Co., which would restrict the Atlanta Plow Co. to a dividend of 4.54 per cent. As to this, we are of the opinion that under the provisions of the Code, § 4276, the Atlanta Plow · Co. is entitled to the entire fund.

*Judgment reversed. All the Justices concur.*