22514, 22515. ALLEY *v.* FIRST NATIONAL BANK OF GAINESVILLE; and *vice versa.*

DECIDED MARCH 2, 1933.

*J. C. & H. E. Edwards,* for plaintiff in error in main bill of exceptions. *Wheeler & Kenyon,* contra.

GUERRY, J. Alley executed to the White County Bank a deed to secure a debt in the sum of $1530, which deed covered certain described lands, and which indebtedness was evidenced by the execution of a promissory note from said Alley to the said White County Bank. This note was regularly transferred and assigned by the White County Bank to the First National Bank of Gainesville, but there was no transfer of the title to the land from the White County Bank to the Bank of Gainesville. Suit was brought upon this note by the First National Bank of Gainesville against Alley in the superior court of White county. A demurrer to the petition was filed by the defendant and was overruled; to which ruling exceptions pendente lite were filed. At the conclusion of the evidence a verdict was directed in favor of the plaintiff. Error is assigned on the overruling of the demurrer and on the direction of the verdict.

In one of the paragraphs of said petition it was alleged that the note was secured by a deed to secure debt, a copy of which was attached by amendment to the petition; and it was asked that the First National Bank have, in addition to a judgment on said note,

a special lien declared in its favor on said land. The main question presented to this court for determination is whether a transferee of notes secured by a deed to secure debt to land, may in an ordinary suit on such note, and without the express aid of a court of equity, ask and have a special lien on such land, where it appears that the title to the land has never been transferred to the transferee of the note, but still remains in the original grantee in the deed to secure debt. Code section 3346 says, in effect, that all transfers and assignments of rent notes, mortgage notes, and other such evidences of indebtedness, shall carry to such transferee or assignee the title to such instrument and also the lien connected therewith, without specially naming or transferring the lien; so that the effect of such transfer or assignment will be to completely and fully carry the lien as a necessary incident thereof. Code section 4276 says that the transfer of notes, secured by a mortgage or otherwise, conveys to the transferee the benefit of the security. The word "otherwise," in said section, covers notes secured by security deed. See In re Elrod, 215 Fed. 253; *Carter* v. *Johnson,* 156 *Ga.* 212 (119 S. E. 22). Under these sections may the transferee of such notes ask in a court of law, without asking for the intervention of equitable principles, that a judgment rendered on such notes be declared to be a special lien on the land or other property which is described in the instrument securing such notes? We think so. There was a further prayer that the land be sold under the decree of the court and the proceeds applied to payment of the debt. We shall discuss this feature of the case at a later point.

In view of the fact that this case is of large moment to litigants in this State, and that there is a division in this court with reference thereto, we desire to discuss the proceedings that may be had in instances of like character. The principle is laid down in *Pape* v. *Woolford Realty Co.,* 35 *Ga. App.* 284 (4) (134 S. E. 174), that "Where notes secured by a conveyance of land to the payee are transferred to another, without the conveyance of the security, the transferee may proceed to collect the debt by obtaining a judgment and causing a levy to be made on the land, *after a reconveyance by the grantee;* and the fact that the transferee does not hold the title to the security is no reason why he should not be entitled to a judgment upon the note." (Italics ours.) Citing *Clark* v. *Havard,* 122 *Ga.* 273 (50 S. E. 108). See also *Merchants and Citizens Bank* v.

*Bogle,* 174 *Ga.* 612 (163 S. E. 489). It is unquestionably true that the transferee of such notes is entitled to a judgment on the notes on suit regularly entered thereon, and that, as a matter of law, such judgment carries with it any and all rights that the grantee in the deed has, or may have had. If the notes had not been transferred and the suit had been filed by the original payee and grantee in the deed, there could be no question but that such judgment is and would be a special lien on the property described in the deed, and carry with it all the force and dignity of such security deed or lien. A judgment on such notes in favor of the original grantee declaring the same to be a special lien on the property described in the security deed would not entitle the grantee and holder of the judgment to levy on the land and sell the same without first making a reconveyance of the property to the defendant in fi. fa. The lien of such judgment is present, whether it is specially declared or not. The only reason for declaring is that it may have the effect of a lis pendens to third parties or that its priority be established, and it is not necessary, in order to assert the lien, that aliunde evidence be introduced to show that the note on which the judgment was based was secured by the deed to the land.

Coming thus to discuss the rights of the transferee of such notes secured by a security deed to land, we find under the code sections stated above, and under the decision in *Pape* v. *Woolford Really Co.* and that of *Clark* v. *Havard,* cited supra, that such transferee is entitled to all the rights held by the original grantee. A judgment in favor of such transferee is, as a matter of law, a special lien on the lands described in the security deed. This is true whether any special lien is asked for or whether it is set up in the judgment and in the execution issued. The only effect that such special lien has is that it gives information to all persons that the judgment carries with it the additional strength of the liens securing the notes which are the basis of the suit on which the judgment is entered. The maker of the notes, nothing else appearing, is not and can not be concerned as to whether a special lien is or is not declared in such judgment and execution. He suffers no detriment and no additional obligation is placed upon him other than that carried by the contract which was evidenced by the security deed and promissory notes. On its face it is not an equitable action, and there is no need or necessity to invoke any equitable principles in its en-

forcement, for the reason that the law gives full, adequate, and complete relief.

We do not mean to say, however, that the court in such proceedings could make a decree for the sale of the lands; nor is there any necessity for the court to order the sale of the land, for the reason that the owner of the judgment already has the right, upon a reconveyance to the defendant in fi. fa., to have the execution issued on such judgment levied and the property sold. This is the remedy of the original grantee. The original grantee in the security deed and the owner of the notes is not entitled to any decree ordering the sale of such lands, outside of the legal course already prescribed, and it is the duty of the original grantee and owner to have the property reconveyed before the levy and sale. The transferee obtains the same, but no greater, rights of the original owner and holder of the lien and the notes. The only necessity to invoke the aid of a court of equity would be in a proceeding as between the holder of the legal title, the White County Bank in this case, and the holder of the beneficial title, the First National Bank of Gainesville. Alley, the maker of the notes, is not concerned as to this. The First National Bank of Gainesville is entitled, under the allegations of this petition, to demand that the White County Bank either convey to it the legal title or convey to Alley the legal title for the purpose of levy and sale under its judgment so obtained. If it should refuse to do this, it is possible that the First National Bank of Gainesville might have to resort to a court of equity for a decree divesting the rights of the White County Bank. A sale under the execution without the reconveyance of the title to Alley would be a void sale, unless, perhaps, the First National Bank of Gainesville were seeking an equitable foreclosure of its rights and named the Bank of White County as a defendant in an action against it and Alley. The judgment rendered in this case is not as broad as the prayers of the petition. The judgment merely states that it shall be a special lien upon the lands described, that the execution shall follow the judgment, and shall be enforced by levy and sale. Properly construed, it means that it may proceed by levy and sale in a legal manner, to wit, after "a reconveyance of title to the defendant in fi. fa. before the levy." The transferee of the notes is not entitled to any decree of the court ordering the land sold, for the reason suggested above, that it has no greater rights than the original

owner of the notes and the holder of the legal title, and such owner and holder would not be entitled to such a decree in a common-law suit on the notes.

The court did not err in overruling the demurrer to paragraph 5 of the petition. The petition as a whole was good even if paragraph 5 had been stricken, and, as a matter of law, the judgment without the lien attached would have possessed the same force and dignity, save and except that if a contest should arise as to priorities, it would be necessary to show by aliunde evidence that the notes on which such judgment was predicated were, as a matter of fact, secured by a lien on the property described. If the plaintiff in the case desires to show that such was the case, and to have the same specified in the judgment, it can not harm the maker of the notes, nor can it place him in a condition other than that already fixed by law; and, as stated in the beginning, it is merely declaratory so far as it may or may not affect the rights of third persons. Its value is explanatory and historical, but declares on its face what in effect it already possesses.

It also appears in the record that upon motion of defendant Alley, the White County Bank, the holder of the legal title to the land on which a special lien is asked, was made a party plaintiff and appeared by counsel at the trial. If there existed any valid objection to the declaring of a special lien on the land, it was removed by the fact that the White County Bank was also made a party plaintiff.

The prayer that the property be sold under the decree of the court is nugatory in this suit. There being no evidence to substantiate the defendant's plea, the court did not err in directing a verdict. Under the judgment taken, title must be put in Alley before a levy may be made. The petition set out a cause of action, and the court did not err in overruling the demurrer.

The special grounds of the motion for a new trial are without merit.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. Where a note secured by a conveyance of land to the payee is transferred to a third person, *without a conveyance of the security,* the title to the land does not pass to the transferee. *Sheppard* v. *Reese,* 114 *Ga.* 411 (2) (40 S. E. 282). However, the transferee acquires an *equitable* interest in the se-

curity. *VanPell* v. *Hurl,* 97 *Ga.* 660 (25 S. E. 489). "At law [in such a case] the transferee is the owner of the debt, but not the owner of the land. In equity he is the owner both of the land and the debt." *Clark* v. *Havard,* 122 *Ga.* 273, 275 (supra). The transferee "has, and as against the debtor may, when necessary to the collection of such claim, assert an *equitable* interest in the security effectuated by the deed; and in such case it is within the power of a court exercising equity jurisdiction, *upon proper pleadings* and evidence, to afford appropriate relief in the premises." (Italics ours.) *VanPelt* v. *Hurl,* supra. The statement in the *Clark* case, supra, that upon the common-law side of the court "the transferee may proceed to collect the debt by obtaining judgment and causing a levy to be made on the land after a reconveyance by the grantee," is obiter dictum, as that was a case in equity. If there be any conflict between the rulings of the Supreme Court in the above-cited cases and the holding in *Pape* v. *Woolford Co.,* 35 *Ga. App.* 284, the decisions of the Supreme Court must prevail.

The instant case was an action by a transferee upon a promissory note secured by a deed to land. The petition showed that the note was transferred by the payee to the plaintiff *without a conveyance of the security.* The suit was brought on the common-law side of the court and the petitioner asked for a judgment against the maker of the note and that the judgment be declared a special lien upon the land, and that the land be sold under a decree of the court and the proceeds of the sale be applied to the payment of the debt. There were no pleadings authorizing the court to exercise its equity powers, and the demurrer to paragraph 5 of the petition (that paragraph stating that "the transfer of the note to petitioner for value as herein alleged has the effect of conveying to petitioner the security afforded by said deeds, and petitioner is now entitled to a lien upon said property superior to all other liens for the purpose of satisfying said debt") should have been sustained and the paragraph stricken, as the paragraph stated an incorrect conclusion of law, to wit, that the mere transfer of the note to the plaintiff had the effect of conveying to him the security. The provisions of sections 3346 and 4276, cited in the majority opinion, do not cover the transfer of notes secured by a *deed* to land, but refer to transfers of notes secured by mortgages. See, in this connection, *Van-Pelt* v. *Hurt,* supra; *Sheppard* v. *Reese,* supra; *Clark* v. *Havard,*

supra. The error in overruling the demurrer rendered the further proceedings in the case nugatory. In my opinion the judgment on the main bill of exceptions should be reversed, and the cross-bill dismissed.