39156. MILLER v. NEW AMSTERDAM CASUALTY COMPANY.

DECIDED DECEMBER 5, 1961—REHEARING DENIED DECEMBER 20, 1961.

*Devine & Busbee, George D. Busbee,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, Burt & Burt, H. P. Burt, James W. Dorsey,* contra.

HALL, Judge. The question presented is whether the payees' indorsements of bank checks issued by a highway subcontractor to laborers, carry with them assignments by the laborers of their claims under the provisions of the contractor's payment bond required by statute. Clearly the plaintiff was not among those for whom the express terms of the statute required protection. ". . . all subcontractors and all persons supplying labor, materials, machinery, and equipment in the prosecution of the work provided for in said contract." *Code Ann.* § 23-1705 (2). Neither is plaintiff included as a beneficiary by the express terms of the bond, quoted supra.

Each of the laborers whose check plaintiff cashed had two distinct rights. One was his right to payment as payee of a negotiable instrument. The other was the right (chose in action) to recover under the payment bond in the event he was not otherwise paid for his work on the project covered by the contract. The former right may be transferred by an indorsement in blank. *Code Ann.* § 14-401. The latter right (chose in action) may be transferred by an assignment. Here the laborers transferred whatever rights they had in the checks by indorsing them in blank. However, the blank indorsements did not per se operate as assignments of the laborers' separate and distinct rights (choses in action) to recover under the payment bond. In this State an assignment of a chose in action must be in writing; the meaning of a legal assignment is a transfer of title or interest by writing. *Turk v. Cook,* 63 Ga. 681.

The plaintiff contends and cites authority for the proposition that by virtue of his being an indorsee of the checks he became the assignee of valid equitable assignments of the rights of the payees under the bond. Finch v. Enke, 54 S.D. 164 (222 NW 657); Shoshoni Lumber Co. v. Fidelity & Deposit Co., 46 Wyo. 241 (24 P2d 690, 699). "An equitable assignment is such an assignment as gives the assignee a title which, though not cognizable at law, will be recognized and protected in equity." *Smith v. Folsom,* 190 Ga. 460, 470 (9 SE2d 824).

However, the question whether or not this petition sets out a cause of action in equity was beyond the jurisdiction of the City Court of Albany. Constitution Art. VI, Sec. IV, Par. I (*Code Ann.* § 2-3901); *Code Ann.* § 37-101; Ga. L. 1897, p. 408. For this reason, and because, under the above cited authorities, the petition did not set out a cause of action at law, the trial court did not err in sustaining the general demurrer.

Plaintiff relies on *Alley v. First Nat. Bank of Gainesville,* 46 Ga. App. 527 (168 SE 317). There the court held that a court of law, without invoking equitable principles, could declare a judgment in favor of the transferee of the note to be a special lien on the property described in the security deed securing the note, even though the security deed had not been transferred. The court stated that "the law gives full, adequate, and complete relief," under the statute, *Code Ann.* §§ 67-1706 and 67-1707, providing that transfers of certain evidences of indebtedness (including security deeds) shall carry with them to the transferee "the lien connected with the same without specifically transferring the lien." A lien is a "claim or charge on property, either real or personal, as security for the payment of some debt or obligation. . ." 53 C.J.S. 826, § 1. The *Alley* case is not authority for granting the relief sought by the present plaintiff, because he does not sue on an evidence of indebtedness secured by a lien.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*

### ON MOTION FOR REHEARING.

HALL, Judge. On motion for rehearing, the plaintiff contends that this court has misconstrued his cause of action; that he is not seeking equitable relief; and that therefore his peti-

tion is an action at law upon a statutory bond. However, he contends that the right to bring this action is based upon an equitable assignment of the rights of the laborers to recover under the payment bond.

If the plaintiff is in fact the holder of an equitable assignment of these rights, a recovery in his name will depend upon equitable principles and the exercise of equitable jurisdiction. 4 Pomeroy's Equity Jurisprudence, pp. 800-801, §§ 1277, 1278. Accord, *Brown v. Southern Ry. Co.,* 140 Ga. 539 (79 SE 152); *Beasley v. Anderson,* 167 Ga. 470 (146 SE 22). To enforce these rights at law, the plaintiff must sue in the names of his assignors (laborers) for his own use. *Franklin v. Mobley,* 73 Ga. App. 245, 249 (36 SE2d 173); Leverett, Hall Christopher, Georgia Procedure and Practice, pp. 80-81, § 4-30. It is true that the holder of the equitable title to a chose in action may amend by adding as plaintiff in his suit the name of the person who holds the legal title, suing for his own use. However, there has been no such amendment in this case prior to the sustaining of the defendant's general demurrer.

Plaintiff strenuously insists that the holders of equitable rights may enforce the same in a court of law citing *Glover v. Stamps,* 73 Ga. 209 (54 AR 170) and *Dobbs v. Perlman,* 59 Ga. App. 770 (2 SE2d 109). These cases do not stand for any such general rule. They are examples of actions based on equitable principles that are specifically authorized at law. The *Glover* case was an action in ejectment and held that a "perfect equity" is the equivalent of legal title. This is a rather narrow and limited exception to the general rule and according to one authority has resulted in some confusion. Powell on Actions For Land, pp. 139-140, § 138. The *Dobbs* case was an action in assumpsit for money had and received based upon the equitable principles of unjust enrichment. However, it is "an action at law because of its origin as a mode of action in the common-law courts." *Sheehan v. City Council of Augusta,* 71 Ga. App. 233, 237 (30 SE2d 502).

The plaintiff's contention, that an action to enforce an equitable right may be asserted at law provided the petition does not pray for affirmative equitable relief, is unsound. If this

were true, any party seeking the enforcement of an equitable right could convert his case into a law case simply by electing to pray for relief that can be granted in legal actions.

*Motion for rehearing denied. Felton, C. J., and Bell, J., concur.*